KUHN, J.,
dissenting.
hi disagree with the majority’s conclusion, reversing the trial court’s grant of summary judgment in favor of defendants, Hugh B. Exnicios and the Exnicios Legal Center (collectively Exnicios). Although MB Industries, LLC v. CNA Ins. Co., 2011-0304 (La.10/25/11), 74 So.3d 1173, *1086 does not permit a per se preclusion of a malpractice claim by a client against her former attorney when she has failed to appeal the underlying case and instead settles it, it also should not permit a per se right of a malpractice action in every instance that a client settles her underlying claim without appealing it or taking other action to maintain it.
In this case, Dawn Marie Brassette’s decision not to reopen the limitation of ad damnum order of the district court was unreasonable in light of the evidence that she had at the time she settled her case against the FDA. Nothing precluded her from either appealing the order of limitation of ad damnum, see FRAP 3 (permitting an appeal from a district court order); or amending her pleadings, see FRCP Rule 15(b), (28 U.S.C.A.) (permitting amendment of pleadings during and after trial); see also 28 U.S.C.A. § 2675(b) (an action under the Tort Claims Procedure shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim).
|2On August 28, 2008, three days after the order was signed by the district court judge limiting ad damnum, Brassette had the result of her MRI showing herniations in her neck and thoracic spine. A reasonably prudent client would have pursued reopening the ad damnum limitation with the newly discovered evidence. Having failed to do so, Brassette left defendant Exnicios without any opportunity to seek redress for his alleged error of failing to provide an opposition to the FDA’s motion to limit ad damnum damages. Accord Evanston Ins. Co. v. Kimmel, 2011-0526 (La.App. 1st Cir.12/14/11), 2011 WL 6288045 (unpublished). Because a reasonably prudent party would have reopened the ad damnum limitation, Brassette’s decision to settle her claim rather than appeal or amend her pleading during or after the trial amounted to a waiver of her right to file a malpractice claim. See MB Industries, LLC v. CNA Ins. Co., 74 So.3d at 1182-83.
I find problematic the majority’s holding that “a party does not waive its right to file a legal malpractice suit by settling an underlying suit, unless it is determined that a reasonably prudent party would not have settled the underlying case, given the facts known at the time and avoiding the temptation to view the case through hindsight.” In the framework of a motion for summary judgment — where a moving party who does not bear the burden of proof at trial need only point out an absence of factual support for one or more elements essential to the adverse party’s claim — the showing is apparently impossible. How can the determination of whether a “reasonably prudent” party would have settled her claim be pointed out by the defendant until after such time as the trier of fact concludes that the party was reasonably prudent? Has the majority’s holding effectively removed resolution of legal malpractice claims by summary judgment (the statutorily favored procedure for resolution of claims under La. C.C.P. art. 966 A(2)) where the. client has chosen to settle her underlying suit and thereby removed all opportunities for a defendant to redress the alleged error?
IsExmcios showed the facts known at the time that Brassette settled her claim, which was less than three months after the motion to limit ad damnum was granted and a mere three days before she obtained medical evidence demonstrating a disc herniation that more likely than not was caused by the accident. These facts dem *1087 onstrate that a reasonably prudent party would not have settled her underlying case but would have reopened the ad damnum limitation before settling with the tortfea-sor. In response to this showing, Bras-sette failed to produce factual support sufficient to rebut this showing. If these facts established by Enxicios in support of the motion for summary judgment are not sufficient to demonstrate that a reasonably prudent client would have reopened the ad damnum limitation rather than settled with the tortfeasor, there are, I suppose, absolutely no facts that would permit the granting of the motion for summary judgment. This is as egregious a result as the per se rule that required the plaintiff in a legal malpractice action to appeal the underlying ruling before she was able to maintain her legal malpractice claim.
For these reasons, I disagree with the majority and would affirm the grant of summary judgment in favor of the Exnic-ios’ defendants, dismissing Brassette’s claims.